**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CAMBRIDGE REALTY WEST, L.L.C.**                    **CIVIL ACTION**

**VERSUS**                                                              **NO. 10-2791**

**NOP, L.L.C.**                                                        **SECTION: "C" (5)**

## ORDER AND REASONS

Before the Court is Debtor-Appellant Cambridge Realty West, L.L.C.'s ("Cambridge")
Appeal of the Bankruptcy Court's order authorizing NOP, L.L.C ("NOP") to file a derivative
avoidance action on behalf of the Debtor.  (Rec. Doc. 6).  Appellee NOP opposes the appeal. (Rec.
Doc. 9).  Having considered the memoranda of counsel, the record, and the applicable law, the Court
finds that the judgment of Bankruptcy Court should be AFFIRMED for the following reasons.

## I.  BACKGROUND

Cambridge's principal asset is an eight-story parking building located at 910 Convention
Center Blvd., New Orleans, LA ("Parking Garage").  (Rec. Doc. 6 at 1).  The Parking Garage
contains approximately 25,000 square feet of office and retail space in addition to 730 parking
spaces.  *Id.*  The retail and office space is divided into ten units, four of which are leased to
independent companies for a total of $28,218.33 in rent per month, which does not include
$8,357.43 of reimbursements that those tenants afford to Cambridge each month.  *Id.* at 2.  This
figure includes leases of 55 parking spaces to Hertz Rent-a-Car for $8,460 per month.  *Id.*  In
addition to these leases, Cambridge has an oral lease with Fulton Place Parking, L.L.C. ("FPP") for
675 parking spaces and 1,500 square feet of office space for $6,000 per month.  *Id.*  FPP is wholly

owned by Maurice and Sally Kansas, who also own 100% of Cambridge, making FPP an "insider" of Cambridge under the Bankruptcy Code. *Id.* at 2-3. FPP has a management agreement with Central Parking, which collects and remits parking revenues to FPP after deducting its fee and expenses. *Id.* at 3.

NOP is a secured creditor of Cambridge, holding the first mortgage on the Parking Garage, worth approximately $5,673,000 as of April 28, 2010. *Id.* at 1. NOP believes the oral lease between Cambridge and FPP is improperly siphoning money out of the bankruptcy estate for the benefit of Mr. and Mrs. Kansas. (Rec. Doc. 9 at 2). As a result, NOP requested the Debtor-in-Possession, which is controlled by Mr. and Mrs. Kansas, to avoid the oral lease with FPP, which is also controlled by Mr. and Mrs. Kansas. (USBC Rec. Doc. 64-1). The Debtor-in-Possession refused to take any action. Accordingly, NOP requested that the Bankruptcy Court grant it leave to file a derivative action on behalf of Cambridge's bankruptcy estate for avoidance of the oral lease. (USBC Rec. Doc. 64). After an oral hearing on the matter, the Bankruptcy Court issued an order granting NOP leave to file a derivative action to avoid the oral lease. (USBC Rec. Doc. 103).

Cambridge now appeals that order on three grounds. (Rec. Doc. 6). First, Cambridge argues that while the Fifth Circuit has authorized a committee of unsecured creditors to file a derivative legal action on behalf of a debtor, it has never authorized a derivative action to be filed by a sole secured creditor like NOP. *Id.* at 5. Moreover, Cambridge argues that the text of the Bankruptcy Code does not support such a derivative action. *Id.* Second, Cambridge argues that in *Hartford Underwriters Ins. Co. v. Union Planters Bank N.A.*, 530 U.S. 1 (2000) the Supreme Court clearly held that if no express grant for a creditor to file a suit exists in the Bankruptcy Code, then none can be implied. *Id.* at 6. Third, Cambridge argues that NOP should not be permitted to file a derivative avoidance action because any benefit from such an action would flow to NOP not to the bankruptcy

2

estate. *Id.* at 7.

## II.  STANDARD OF REVIEW

The standard of review for a bankruptcy appeal by a district court is the same when a court of appeals reviews a district court proceeding. *In re Killebrew*, 888 F.2d 1516, 1519 (5th Cir. 1989). Accordingly, the Court reviews the Bankruptcy Court's conclusions of law de novo, findings of fact for clear error, and mixed questions of law and fact de novo. *See, e.g.,* Fed. R. Bankr.P. 8013; *In re Nat'l Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000). A district court will only reverse a bankruptcy court's finding of facts if, upon review of the entire record, the court is left with the "definite and firm" conviction that the bankruptcy court erred. *Anderson v. City of Bessemer City*, 479 U.S. 564, 573 (1985). The burden is on the appellant to demonstrate that the Bankruptcy Court's findings are clearly erroneous. *In re Drehsen*, 190 B.R. 441, 442 (M.D.Fla. 1995).

## III.  LAW AND ANALYSIS

As the Fifth Circuit pointed out in *Louisiana World Exposition v. Federal Ins. Co.*, 858 F.2d 233 (5th Cir. 1988), if a trustee has not been appointed and a debtor remains in possession, then the debtor-in-possession serves as a fiduciary to its creditors and shareholders just as would a trustee for a debtor out of possession. *Id.* at 250. In *Louisiana World Exposition* the Fifth Circuit held that a debtor-in-possession that refuses to maximize the value of the estate fails to protect its creditors' interests, which in turn justifies allowing the creditors to proceed in the debtor's place. *Id.*

Cambridge argues that *Louisiana World Exposition* does not control this case because that case only allowed a committee of unsecured creditors to proceed in a derivative suit, not a sole secured creditor. (Rec. Doc. 6 at 5). This Court is not persuaded by Cambridge's argument because

3

nothing in *Louisiana World Exposition* suggests that its holding should be limited to a committee of unsecured creditors. *See Louisiana World Exposition*, 858 F.2d at 245-50. Instead the court in *Louisiana World Exposition* focused on the fact that sometimes debtors-in-possession have a conflict of interest that prevents them from maximizing the value of the estate, which in turn requires creditors to assert derivative claims in order to protect their interest. *Id.* at 246. That rationale applies equally to a sole creditor as to a creditors' committee. Even though the court only specifically addressed the question of derivative standing for creditors' committees, this is unsurprising because that was the only question before the court. *Id.* at 236.

Cambridge relies exclusively on *Hartford Underwriters* to support its argument that *Louisiana World Exposition* should not be expanded to allow a sole secured creditor to bring a derivative action. (Rec. Doc. 6 at 6). However, in *Hartford Underwriters,* the Supreme Court clearly held that they were not addressing the question of whether a creditor or creditors' committee could bring a derivative avoidance action under 11 U.S.C. §§ 544, 545, 547-9. *Hartford Underwriters,* 530 U.S. at 13 n. 5. Instead the Supreme Court specifically limited its holding to rejecting a creditor's *independent* right to sue under § 506(c). *Id.*

On the other hand, NOP has provided numerous citations to support its argument that a sole secured creditor has the derivative right to bring an avoidance action on behalf of a debtor. (Rec. Doc. 9 at 6-9). In *Hyundai Translead, Inc. v. Jackson Truck & Trailer Repair, Inc. (In re Trailer Source, Inc.)*, 555 F.3d 231 (6th Cir. 2009), the Sixth Circuit surveyed the opinions of every court of appeals that has addressed the question of whether *Hartford Underwriters* has overruled the practice of granting creditors derivative standing to pursue avoidance claims:

> We first note that since *Hartford Underwriters* every court of appeals to address derivative standing to pursue avoidance claims has affirmed the practice's validity. Two courts have expressly considered the impact of *Hartford Underwriters* and have

> upheld the practice.  *See PW Enters., Inc. v. N.D. Racing Comm'n (In re Racing Servs., Inc.)*, 540 F.3d 892, 898 & n. 7 (8th Cir. 2008) (holding that "derivative standing is available to a creditor to pursue avoidance actions when it shows that a Chapter 7 trustee (or debtor-in-possession in the case of Chapter 11) is 'unable or unwilling' to do so" notwithstanding *Hartford Underwriters*);  *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 580 (3d Cir. 2003) (*en banc*) (holding that "bankruptcy courts can authorize creditors' committees [in Chapter 11 proceedings] to sue derivatively to avoid fraudulent transfers for the benefit of the estate" notwithstanding *Hartford Underwriters*).   Two other circuits have continued to approve of the practice post-*Hartford Underwriters*, though without mention of the *Hartford Underwriters* decision.  *Glinka v. Murad (In re Housecraft Indus. USA, Inc.)*, 310 F.3d 64, 70-72 (2d Cir. 2002);  *Commodore Int'l Ltd. v. Gould (In re Commodore Int'l Ltd.)*, 262 F.3d 96, 99-100 (2d Cir. 2001);  *Fogel v. Zell*, 221 F.3d 955, 965-66 (7th Cir. 2000) (approving of derivative standing in dicta).

*Id.* at 240.  The Sixth Circuit further reasoned that 11 U.S.C. § 503(b)(3)(B) carried forward the long settled authority of creditors to sue on behalf of a trustee or debtor-in-possession.  *Id.* at 241. This authority "is a straightforward application of bankruptcy court's equitable powers" to craft flexible solutions when the system designed by Congress to maximize the value of a bankruptcy estate "breaks down."  *Id.* at 242-3.

Significantly, in *In re Trailer Source, Inc.,* the Sixth Circuit allowed a sole secured creditor, exactly like NOP, to bring a derivative avoidance action on behalf of the trustee.  *Id.* at 245.  The court noted that, "[b]ecause derivative standing is not asserted as an independent right and must be authorized by the bankruptcy court, it does not present the same risk of interference with the trustee and the bankruptcy court feared by the Supreme Court in *Hartford Underwriters*."  *Id.* at 244.  As a safeguard to prevent parties from impairing the ability of the trustee and bankruptcy court to coordinate proceedings, the court required that a party asserting derivative standing must show: (1) that a demand was made on the trustee (or debtor-in-possession) to act; (2) the trustee (or debtor-in-possession) declined; (3) a colorable claim exists that would benefit the estate; and (4) the trustee's (or debtor-in-possession's) inaction was an abuse of discretion.  *Id.* at 245.

5

Although *In re Trailer Source, Inc.* does not control this Court, it is a well researched and persuasively reasoned opinion and in the absence of any contrary authority or arguments this Court agrees with the Sixth Circuit's ultimate holding in that case. Therefore, this Court finds that a sole creditor may bring a derivative avoidance action so long as they satisfy certain procedural requirements that are designed to protect the integrity of bankruptcy proceedings. Specifically, under *Louisiana World Exposition*, a creditor that seeks to bring a derivative avoidance action must establish that the claim is colorable, that the debtor-in-possession has unjustifiably refused to pursue the claim, and that the creditor first received a letter to sue from the bankruptcy court. *Louisiana World Exposition*, 858 F.2d at 247.

Here it is clear that NOP has met all of these requirements. First, they have shown that Cambridge has entered into a questionable oral lease with FPP, an insider as defined by the Bankruptcy Code. Second, NOP requested that the Debtor-in-Possession assert this colorable claim in an avoidance action. Cambridge refused to assert any action against FPP because it claimed that any benefit from such an action would only go to NOP and therefore would not benefit the bankruptcy estate. (Rec. Doc. 6 at 7).

However, as the Bankruptcy Judge pointed out, any funds received by NOP would be applied as a credit against Cambridge's debt with NOP, which is a benefit to Debtor estate. (Rec. Doc. 9 at 14). Furthermore, if any money is produced as a result of NOP's derivative action, it will go directly to Cambridge, not NOP. The fact that Cambridge will then be compelled to distribute that money according to "contractual and statutory entitlements" does not mean that the original recovery does not benefit the estate. *Mellon Bank, N.A. v. Dick Corp.*, 351 F.3d 290, 293 (7th Cir. 2003) (Easterbrook, J); *see also Louisiana World Exposition*, 858 F.2d at 250. As a result, Cambridge's refusal to bring an avoidance action against FPP was unjustified in light of its fiduciary duty as

6

Debtor-in-Possession to maximize the Debtor estate.

Finally, as NOP has obtained the Bankruptcy Court's permission to bring a derivative avoidance action, NOP has met all the procedural requirements of bringing such a derivative action. Consequently, this Court finds no error in the Bankruptcy Court's order granting NOP leave to file a derivative avoidance action against FPP.


## IV.  CONCLUSION

Accordingly,

IT IS ORDERED that the Appeal by Cambridge Realty West, L.L.C. is DISMISSED and the Judgment of the Bankruptcy Court is AFFIRMED.

New Orleans, Louisiana, this 8th day of November, 2010.

HELEN G. BERRIGAN
UNITED STATED DISTRICT JUDGE

7